IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON L. BICKING and )
CATHLEEN B. MAURO, )
    on behalf of themselves and )
    all others similarly situated, )
  )
    Plaintiffs, )
  )
v. ) Civil Action No. 3:11CV78–HEH
  )
LAW OFFICES OF )
RUBENSTEIN AND COGAN, )
MITCHELL RUBENSTEIN, and )
MICHAEL R. COGAN, )
  )
    Defendants. )

## MEMORANDUM OPINION
(Denying Defendants' Motion to Dismiss)

This is a putative class action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* It is presently before the Court on Defendants' Motion to Dismiss. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Defendants' Motion will be denied.

### I.

At issue in this case are certain debt-collection letters allegedly sent by the Law Offices of Rubenstein and Cogan ("the Law Offices"). Plaintiffs Jason L. Bicking ("Bicking") and Cathleen B. Mauro ("Mauro," or together with Bicking, "Plaintiffs")

allege that the Law Offices sent dunning letters[1] to them on June 8, 2010 and September 7, 2010, respectively, advising that their Discover Bank and FIA Card Services, N.A. accounts had been referred to the Law Offices for Collection.[2] Each letter advised that "[i]f the account is not in dispute, payment is expected." (Pls.' Compl. Exs. A, B.) The letters also stated that "no attorney with this firm has personally reviewed the particular circumstances of your account," and contained the following notice ("the Verification Notice"):

> **CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)[sic][3]**
>
> **Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This letter is from a debt collector.**

(*Id.*)

On February 2, 2011, Plaintiffs filed this action alleging that the Verification Notice "failed to inform the consumer that in order to obtain validation of the alleged debt and/or the name and address of the original creditor[,] the request must be 'in writing' in violation of 15 U.S.C. § 1692g(a)(4) and (5) and § 1692e(10)." (*Id.* at ¶ 28.)

---

[1] A "dunning letter" is a letter demanding payment of a debt—*i.e.*, a collection notice.
[2] Bicking allegedly owed $6,562.42 to Discover Bank. Mauro allegedly owed $28,099.84 to FIA Card Services, N.A.
[3] The letters incorrectly advised that the notice was "pursuant to 15 U.S.C. Section 1692(G)." The FDCPA's validation notice provisions are in fact codified at Section 1692g.

2

Plaintiffs seek damages not only against the Law Offices, but also against their alleged "owner[s] and operator[s]," Mitchell Rubenstein and Michael R. Cogan, in their personal capacities. (*Id.* at ¶¶ 7, 8, 18.)

Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on April 1, 2011. Defendants contend that the Verification Notice clearly advised Plaintiffs of their rights under Section 1692g(a)(4) and (5), and Plaintiffs have not alleged any false representations or deceptive means in violation of Section 1692e(10). Plaintiffs have responded, and Defendants have replied. The matter is ripe for decision.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere labels and conclusions stating that the plaintiff is entitled to relief are not enough. *Id.* at 555, 127 S. Ct. at 1964–65. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."

3

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume plaintiff's well-pleaded factual allegations to be true and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. In addition, the Court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396–97 (4th Cir. 2006) (per curiam).

### III.

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Toward that end, Section 1692g(a) sets forth specific guidelines that debt collectors must follow when sending collection letters. It provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

4

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

Plaintiffs here allege that Defendants' Verification Notice violated subsections (a)(4) and (5) because it failed to inform Plaintiffs that their requests under those subsections needed to be made in writing. Defendants counter that "[t]he notice clearly informed the plaintiffs of their right to" contact the Law Offices to dispute the debt or request the name and address of the original creditor, and that "[i]f anything, [Defendants] expanded the rights available to plaintiffs by not limiting the means by which they could make such requests." (Defs.' Mem. Supp. Mot. Dismiss 4–5.)

Several district courts have confronted this precise issue in recent years. As far as this Court can tell, all of them have held that a debt collector's failure to include the "in writing" requirement violates subsections (a)(4) and (5) of Section 1692g. *See, e.g., Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18–19 (E.D.N.C. Mar. 1, 2010) (holding that failure to include "in writing" requirement

5

violated § 1692g(a)(4); (*Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) (same); *Chan v. N. Am. Collectors, Inc.*, No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, at *16 (N.D. Cal. Mar. 24, 2006) (same); (same); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) (same); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (reaching the same conclusion with respect to subsections (a)(4) and (5)).

This Court agrees. "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) *only* through written dispute." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (emphasis added). "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b)." *Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997); *see also* 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing . . . that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt[,] . . . or the name and address of the original creditor . . .").

Moreover, this Court must evaluate the allegedly offending language in the Verification Notice from the perspective of the "least sophisticated debtor." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996); *Creighton v. Emporia*

*Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997). Where the debt collector fails to advise that the debtor's requests under subsections (a)(4) and (5) "must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them." *Grief*, 217 F. Supp. 2d at 340.

The fact that Mauro may have disputed her debt in writing (*see* Defs.' Reply Mem. Supp. 2) does not alter this Court's conclusion. Indeed, because the FDCPA is a strict liability statute, "evidence of actual deception is unnecessary." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139; *see also Grief*, 217 F. Supp. 2d at 340. "Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an 'unsophisticated consumer or debtor' would be confused by the contents of the letter." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 503 (7th Cir. 2008).

Nor does it matter whether Defendants would have honored an oral request. *Nero*, 655 F. Supp. 2d at 206. A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing. *Id.* Absent some mention of the "in writing" requirement, the least sophisticated debtor may very well dispute the debt only orally, and therefore never trigger the collector's duty to verify the debt. Plaintiffs have clearly stated a claim under Section 1692g(a)(4) and (5) of the FDCPA.

For similar reasons, Plaintiffs have also stated a claim under Section 1692e(10).[4] Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

---

[4] In their Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Plaintiffs assert that the Verification Notice violated Section 1692e and subsection e(10). Plaintiffs' Complaint, however, only alleges a violation of subsection 1692e(10) in particular.

15 U.S.C. § 1692e(10). Although "[c]ases where the courts have found § 1692e(10) in addition to § 1692g violations have *generally* been where the letter issued falsely threatened legal action or threatened to make immediate credit reports," *Talbott v. GC Servs. Ltd. P'ship*, 53 F. Supp. 2d 846, 852 n.2 (W.D. Va. 1999) (emphasis added), subsection e(10) is not limited in application to such blatant violations of the FDCPA. *See, e.g., Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007) (granting summary judgment for consumer on § 1692e(10) claim where notice did not state due date and "was potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due . . . was due at any time"). If subsection e(10) barred only the use of false threats, the phrase "deceptive means" would be rendered meaningless.

As explained above, Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of Section 1692g. The alleged violations of Sections 1692g(a)(4) and (5) therefore also state a claim under § 1692e(10).

## IV.

For the reasons stated above, Defendants' Motion to Dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: May 5 2011
Richmond, VA

9