UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON L. BICKING and
CATHLEEN B. MAURO,
  on behalf of themselves and
  all others similarly situated,

        Plaintiffs,

v.                              Civil Action No.  3:11-cv-00078-HEH

MITCHELL RUBENSTEIN & ASSOCIATES, P.C.,
MICHAEL R. COGAN, P.C.,
MITCHELL RUBENSTEIN, and
MICHAEL R. COGAN,

        Defendants.

## FIRST AMENDED CLASS ACTION
## COMPLAINT AND JURY DEMAND

1.    Plaintiffs Jason L. Bicking and Cathleen B. Mauro, on behalf of themselves and all others similarly situated, allege that Defendants Mitchell Rubenstein & Associates, P.C., Michael R. Cogan, P.C., Mitchell Rubenstein, and Michael R. Cogan violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA") by failing to inform the consumer that in order to obtain validation of the alleged debt and/or the name and address of the original creditor that the consumer must do so "in writing" in violation of 15 U.S.C. §1692g(a)(4) and (5).  <u>Welker v. Law Office of Daniel J. Horwitz</u>, 699 F.Supp.2d 1164 (S.D.Cal. 2010).

### I.    JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d).  Venue in this District is proper because Plaintiffs reside here and Defendants sent correspondence to Mr. Bicking and Ms. Mauro into this District.

### II.    PARTIES

3. Plaintiff Jason L. Bicking is a natural person who resides in Emporia, Virginia.

4. Plaintiff Cathleen B. Mauro is a natural person who resides in Norfolk, Virginia.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

6. Defendants Michael R. Cogan, P.C. and Mitchell Rubenstein & Associates, P.C. (hereinafter "Law Offices") are Maryland corporations, both of which have their place of business located at Suite 250, 12 S. Summit Avenue, Gaithersburg, Maryland. At times relevant to this Amended Complaint, these entities were the member firms of the Law Offices of Rubenstein and Cogan, an association of the two professional corporations.

7. Defendant Mitchell Rubenstein is an attorney who is an owner, operator, and resident agent of the Mitchell Rubenstein & Associates, P.C.

8. Defendant Michael R. Cogan is an attorney who is an owner, operator, and resident agent of the Michael R. Cogan, P.C.

9. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

10. Defendants regularly collect or attempt to collect debts for other parties and are "debt collectors" as defined by 15 U.S.C. §1692a(6).

### III.　　FACTUAL ALLEGATIONS

11. Defendants sought to collect from Jason L. Bicking a debt allegedly due Discover Bank arising from transactions incurred for personal, family or household purposes.

12. Defendants sent Mr. Bicking a letter dated June 8, 2010 in an attempt to collect the alleged debt.　(Attached hereto as Exhibit A).

13. Defendants sought to collect from Cathleen B. Mauro a debt allegedly due FIA Card Services, N.A. arising from transactions incurred for personal, family or household purposes.

14. Defendants sent Ms. Mauro a letter dated September 7, 2010 in an attempt to collect the alleged debt. (Attached hereto as <u>Exhibit B</u>).

15. The text of <u>Exhibits A and B</u> read in pertinent part:

**<u>CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)</u>**

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This letter is from a debt collector.**

(Emphasis in the original.)

16. <u>Exhibits A and B</u> failed to inform Mr. Bicking and Ms. Mauro that in order to obtain verification of the alleged debt and/or the identity of the original creditor the request must be "in writing."

17. Defendants Mitchell Rubenstein and Michael R. Cogan personally designed, implemented, directed, and supervised the Law Offices' collection practices and policies including the text of and the procedure for use of <u>Exhibits A and B</u>.

18. Defendants Mitchell Rubenstein and Michael R. Cogan directed, operated, dominated, and controlled the Law Offices' finances in such an undercapitalized fashion as to justify disregarding the Law Offices' corporate identity, as Judge Turk stated in the FDCPA case of *West v. Costen*, 558 F.Supp. 564, (W.D.Va. 1983), "a victim of a statutory illegality … may

be more entitled to pierce an undercapitalized corporation, because, unlike a contractual creditor, the former's dealings with the corporation are involuntary and uninformed." *Id*. at 586.

## IV. CLASS ACTION ALLEGATIONS

19. This matter is brought as a class action on behalf (i) all Virginia residents to whom Defendants sent a letter in the form of <u>Exhibit A or B</u>, (ii) which contain the CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G) with text identical to that in <u>Exhibits A and B</u>, (iii) in an attempt to collect a debt allegedly due Discover Bank or FIA Card Services, N.A., (iv) incurred for personal, family, or household purposes, (v) during the one year period prior to the filing of the complaint in this matter.

20. Plaintiffs allege on information and belief based on the use of letters in the form of <u>Exhibit A and B</u> that the class is so numerous that joinder of all members is impractical.

21. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether the Law Offices, Mr. Rubenstein, and Mr. Cogan are debt collectors.

    b. Whether Defendants' letters in the form of <u>Exhibits A and B</u> violated the FDCPA.

22. The claims of Mr. Bicking and Ms. Mauro are typical of those of the class members. All are based on the same facts and legal theories.

23. Mr. Bicking and Ms. Mauro will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests

which might cause them not to vigorously pursue this action.

24. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Plaintiffs request certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## V.   COUNT I
## FDCPA CLAIMS FOR THE CLASS

27. Plaintiffs incorporate the foregoing Paragraphs.

28. In <u>Exhibits A and B</u> Defendants failed to inform the consumer that in order to obtain validation of the alleged debt and/or the name and address of the original creditor the request must be "in writing" in violation of 15 U.S.C. §1692g(a)(4) and (5) and §1692e(10). <u>Welker v. Law Office of Daniel J. Horwitz</u>, 699 F.Supp.2d 1164 (S.D.Cal. 2010).

**WHEREFORE**, Plaintiffs Jason L. Bicking and Cathleen B. Mauro request that the Court enter judgment on behalf of themselves and the class they seek to represent against Defendants Michael R. Cogan, P.C., Mitchell Rubenstein & Associates, P.C., Mitchell Rubenstein, and Michael R. Cogan for:

    A. Certification for this matter to proceed as a class action;

   B. Declaratory relief that Defendants' use of <u>Exhibits A and B</u> violates the FDCPA;

   C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

   D. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

   E. Such other or further relief as the Court deems proper.

            Respectfully submitted,
            Jason L. Bicking
            Cathleen B. Mauro
            By Counsel

\_\_\_\_/s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Plaintiffs
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

     David D. Hudgins, Esquire
     Reese A. Pearson, Esquire
     HUDGINS LAW FIRM
     515 King Street, Suite 400
     Alexandria, Virginia   22314
     Counsel for Defendants

            \_\_\_\_/s/_____
            Dale W. Pittman
            Counsel for Plaintiffs

                                THE LAW OFFICE OF DALE W. PITTMAN, P.C.
                                The Eliza Spotswood House
                                112-A West Tabb Street
                                Petersburg, VA 23803
                                (804) 861-6000
                                (804) 861-3368 (Fax)
                                dale@pittmanlawoffice.com