UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON L. BICKING and
CATHLEEN B. MAURO,
 on behalf of themselves and
 all others similarly situated,

        Plaintiffs,

v.                         Civil Action No.: 3:11-cv-00078-HEH

MITCHELL RUBENSTEIN & ASSOCIATES, P.C.,
MICHAEL R. COGAN, P.C.,
MITCHELL RUBENSTEIN, and
MICHAEL R. COGAN,

        Defendants.

MEMORANDUM IN SUPPORT OF
AMENDED JOINT MOTION FOR APPROVAL OF CLASS SETTLEMENT

    Plaintiff Jason L. Bicking and Cathleen B. Mauro, on behalf of themselves and all others similarly situated, and Defendants Mitchell Rubenstein & Associates, P.C., Michael R. Cogan, P.C., Mitchell Rubenstein, and Michael R. Cogan have reached an agreement to settle this matter, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA") on a class wide basis and have filed an Amended Joint Motion for the Court's approval pursuant to Rule 23(e).

I.     **PROCEDURAL HISTORY**

    Plaintiff Jason L. Bicking and Cathleen B. Mauro, on behalf of themselves and all others similarly situated, filed a Complaint against defendants Law Offices of Rubenstein and Cogan, Mitchell Rubenstein and Michael R. Cogan for violations of the FDCPA, on February 2, 2011. Docket # 1. Defendants filed their Answer on April 15, 2011. Docket # 14.

    On May 19, 2011, Defendants' Motion to Dismiss was denied. Docket # 15 and 16.

*Bicking v. Law Offices of Rubenstein and Cogan*, –– F.Supp.2d ––, 2011 WL 1740156, 2011 U.S. Dist. LEXIS 48623 (E.D. Va., May 5, 2011).

During discovery, counsel for defendants alerted plaintiffs' counsel that the letters contained the alleged violated of the FDCPA originated from Mitchell Rubenstein & Associates, P.C. On August 16, 2011, plaintiffs filed a consent motion for leave to file an Amended Complaint, adding Mitchell Rubenstein & Associates, P.C. and Michael R. Cogan, P.C. as defendants, and deleting Law Offices of Rubenstein and Cogan as a named defendant.

The parties have entered into a Class Action Settlement Agreement, attached to the Amended Joint Motion as <u>Appendix A</u>, subject to this Court's approval. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties request the Court to grant preliminary approval of the proposed class settlement.

## II. <u>STATEMENT OF FACTS</u>

Subject to the Court approval, the parties have agreed to settle this putative class action pursuant to which Plaintiffs and Defendants have agreed to the following terms:

A. Certification of the settlement class defined as (i) all persons to whom Defendants sent a letter in the form of <u>Exhibit A or B</u> (ii) which contain the CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G) with text identical to that in <u>Exhibits A or B</u> (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the period of February 2, 2010 through June 24, 2011.

B. Defendants will pay the Class $78,000.00 to be divided equally among the Class Members, who does not opt out of this Class Action Settlement, this amount substantially exceeds one percent of the net worth of the Defendants, a number

        agreed upon after negotiations by the parties, recognizing the difficulties and room for dispute in calculating the exact amount of Defendants' net worth, and agreed upon in an attempt to insure that members of the class will receive no less than 1% of the net worth of the Defendants, however calculated.

C. Defendants will pay a total of $12,000.00 ($6,000.00 each) to the two Named Plaintiffs, in care of their counsel of record. Of this amount, $1,000.00 each is paid as compensation for their individual claims for statutory damages, and $5,000.00 each is paid as compensation for their services to the Settlement Class.

D. All costs of administration, providing the Notice of Class Action, and distribution of funds to each of the Class Members at their last known addresses, using _____ as the Settlement Administrator, will be paid by the Defendants.

E. To the extent that any funds remain uncashed or undistributed, this amount shall be paid as a cy pres award to Class Counsel to be distributed equally to the National Consumer Law Center and National Association of Consumer Advocates for consumer representation or education.

F. Upon approval by the Court, Defendants will pay reasonable attorneys' fees, litigation expenses, and costs in an amount agreed upon by the Parties, or if an amount cannot be agreed upon, an amount determined by the Court. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

      Plaintiffs Jason L. Bicking and Cathleen B. Mauro and Defendants Mitchell Rubenstein & Associates, P.C., and Michael R. Cogan, P.C., Mitchell Rubenstein, and Michael R. Cogan stipulate to the entry an Order Granting Preliminary Approval of the Class Settlement (a

proposed order is attached to the Amended Joint Motion as <u>Appendix B</u>), and directing the mailing of Notice to Class Members of Proposed Settlement (attached to the Amended Joint Motion as <u>Appendix C</u>).

### III. STATEMENT OF QUESTIONS PRESENTED

Should the Court grant preliminary approval of the parties' Class Action Settlement Agreement?

The parties submit that this question should be answered in the affirmative.

### IV. ARGUMENT

#### A. THIS ACTION MAY BE CERTIFIED AS A CLASS ACTION.

The parties have stipulated, for the purposes of settlement, to a class defined as:
(i) all persons to whom Defendants sent a letter in the form of <u>Exhibit A or B</u> (ii) which contain the CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G) with text identical to that in <u>Exhibits A or B</u> (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the period of February 2, 2010 through June 24, 2011.

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998). The criteria for class certification has been met.

    1. <u>Rule 23(a)</u>

        a. <u>Numerosity</u>

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." <u>Gunnells v. Healthplan Servs.</u>, 348 F.3d

417, 459 (4th Cir. 2003); *Lienhart v. Dryvit Sys.*, 255 F.3d 138, 146 (4th Cir. 2001). However, "[i]mpracticable does not mean impossible." *Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). *"When the class is large, numbers alone are dispositive...." Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986). Where the class numbers 25 or more, joinder is usually impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient).

  Defendants agree that there are more than ____ members of the above defined class. Therefore, the numerosity requirement of Rule 23(a)(1) has been meet.

    b.  Commonality

  Rule 23(a)(2) requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992); *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994). FDCPA claims based on standard practices are well suited for class certification. *Karnette v. Wolpoff & Abramson*, 2007 WL 922288, 2007 U.S. Dist. LEXIS 20794 (E.D.Va., Mar. 23, 2007); *West v. Costen*, 558 F.Supp. 564, 572-573 (W.D.Va. 1983). All of the class members were sent a letter from Defendants containing the same language. This fact is common to all the class members. The common question of law is whether this language violated the FDCPA.

    c.  Typicality

  Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class:

> [T]he appropriate analysis of typicality must involve a comparison of the plaintiffs' claims or defenses with those of the absent class members. To conduct that analysis, we begin with a review of the

> elements of plaintiffs' *prima facie* case and the facts on which the plaintiff would necessarily rely to prove it."

*Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006). See also, *McGlothlin v. Connors*, 142 F.R.D. 626 (W.D.Va. 1992); "Representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id*. The claims made by Plaintiffs are typical of the class Mr. Bicking and Ms. Mauro seek to represent. Indeed, typicality is inherent in the class definition: Defendants sent each class member a letter containing the same language in violation of 15 U.S.C. §1692g(a)(4) and (5) as well as §1692e(10).

        d.        Adequacy of Representation

Rule 23 also requires that the named plaintiff provide fair and adequate protection for the interests of the class. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 339 (4th Cir. 2006). That protection involves two factors: (1) whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *Lutz v. Int'l Ass'n of Machineists & Aero. Workers*, 196 F.R.D. 447, 453 (E.D.Va. 2000).

Messrs Pittman and Bragg are qualified, experienced and able to conduct this litigation. Judge Kiser found Mr. Bragg and Mr. Pittman to be adequate class counsel in *Talbott v. GC Servs., Ltd. Pshp.*, 191 F.R.D. 99, 105 (W.D. Va. 2000) ("Talbott's counsel is experienced in consumer class action litigation.") Judge Payne recently found Mr. Bragg and Mr. Pittman to be adequate class counsel in *Karnette v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 20794 (E.D. Va. March 23, 2007). "The U.S. District Court for the Northern District of California has stated, "it seems clear that the lead class counsel for this lawsuit, O. Randolph

Bragg, has been qualified and found competent to represent similar class actions." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D.Cal. 2005). See also The U.S. District Court for the Eastern District of Virginia found there to be "very few attorneys like Mr. Pittman who specialize in litigating Consumer Credit Protection Act cases" and that he is an attorney with "substantial experience and an impressive statewide reputation in this field." *Jones v. Vest*, 2000 U.S.Dist.LEXIS 19026, *12 (E.D.Va. 2000). See also *Woodward v. Online Info. Servs.*, 191 F.R.D. 502, 506 (E.D.N.C. 2000) (appointing Mr. Pittman with other class counsel and finding them to be an "experienced litigators with extensive prior exposure to class action suits.").

Mr. Bicking and Ms. Mauro do not have any interests antagonistic to the class. Therefore, the requirements of Rule 23(a)(4) are satisfied. *Talbott v. GC Services*, 191 F.R.D. 99, 105 (W.D.Va. 2000).

1. Rule 23(b)(3)

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 425 (4th Cir. 2003). This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Talbott v. GC Servs., Ltd. Pshp.*, 191 F.R.D. 99, 106 (W.D.Va. 2000) citing *Halverson v. Convenient FoodMart. Inc.*, 69 F.K.D. 331 (N.D.Ill. 1974). In present case, the "common nucleus of operative fact," *Halverson v. Convenient FoodMart. Inc. supra* at 335, is that all class members, by definition, were sued by Defendants in a Virginia city or county other than where the person resided or signed the contract sued upon and, thus, were subjected to the same conduct and violations of the FDCPA as the named Plaintiff.

"Predominance is a test readily met in certain cases alleging consumer . . . fraud. . . ."

*Amchem Prods., Inc. v. Windsor*, supra 117 S. Ct. at 2250 (citations omitted). Resolution of this matter as a class action is superior to other methods of resolution. In the FDCPA case of *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 600 (E.D.Cal. 1999), the district court stated:

> The court finds that a class action in this context is superior to individual claims. First, individual consumers are most likely unaware of their rights under the FDCPA. Class action certification to enforce compliance with consumer protection laws are "desirable and should be encouraged." ... Second, the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually. ... Third, efficiency and inconsistency of concerns favor litigating the legality of ECS's standardized conduct by all class members in one suit, rather than forcing each class member to sue individually. ...

Thus, the criteria of Rule 23(b)(3) has been satisfied. The Court should grant certification of the class for the purpose of settlement.

    **B.**    **STANDARD FOR APPROVAL OF A CLASSWIDE SETTLEMENT.**

The Fourth Circuit has stated the standard for approval of a class settlement as follows:

> Rule 23(e) provides that "a class action shall not be dismissed without the approval of the court." The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations.

*In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). "Rule 23(e) provides that the court may approve a settlement, voluntary dismissal or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." *Harris v. McCrackin*, 2006 U.S.Dist.LEXIS 46518, *25 (D.S.C. 2006). See Manual for Complex Litigation, Fourth §21.63 (Federal Judicial Center 2004).

Pursuant to the proposed settlement, notice will be mailed to each class member as approved and directed by the Court. The settlement proposed here is fair to all parties and class

members. Defendants have agreed to pay $12,000 to Plaintiffs Jason L. Bicking and Cathleen B. Mauro ($6,000.00 each) and $78,000.00 on a pro rata basis to the class members. Defendants have also agreed to bear the cost of class notice, administration, and distribution. Finally, Defendants have agreed to pay Plaintiffs' reasonable costs, expenses, and attorneys fees. If an amount cannot be agreed upon by the parties, Defendants agree to pay reasonable costs, expenses, and attorneys fees in an amount to be determined by the courtAn award of costs and attorneys fees is available where the consumer is successful in FDCPA litigation. 15 U.S.C. §1692k(a)(3). Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. _Zagorski v. Midwest Billing Services_, 128 F.3d 1164, 1166-67 (7th Cir. 1997). _Graziano v. Harrison_, 950 F.2d 107, 113 (3d Cir. 1991). See also _DeJesus v. Banco Popular de Puerto Rico_, 918 F.2d 232, 235 (1st Cir. 1990). As Judge Turk put it, "The FDCPA … is 'primarily self-enforcing' … through private causes of action." _West v. Costen_, 558 F.Supp. 564, 569 (W.D.Va. 1983).

In the Fourth Circuit, prior to final approval, the Court is to determine whether a proposed settlement is fair and adequate. To determine whether a settlement is fair, the court should examine (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that has been conducted; (3) the circumstances surrounding the negotiations; (4) the experience of counsel in the relevant area of class action litigation. _In re Jiffy Lube Sec. Litig._ supra at 159. To determine whether a settlement adequate, the court should consider (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated

duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *Id.*

### 1. The Settlement is Fair

#### a. Posture of the Case at the Time the Settlement was Proposed

Defendants have contested Plaintiffs' FDCPA claims through denial of their Motion to Dismiss. Docket # 15. *Bicking v. Law Offices of Rubenstein and Cogan*, supra. Only after this Court's Order have Defendants engaged in settlement discussions with Plaintiffs and agreed to a class-wide settlement.

#### b. Discovery that has been Conducted

Plaintiffs issued and received answers and documents to written discovery and took no depositions. Defendants issued no discovery nor did it take any depositions. As part of settlement discussion Defendants have provided additional information and documentation regarding their practices and net worth.

#### c. Circumstances Surrounding the Negotiations

As stated above, Defendants contest liability. However, given the risk, expense, and uncertainty involved in litigation, the parties have agreed to resolve this matter on the terms stated above.

#### d. Experience of Counsel in the Relevant Area of Class Action Litigation

Plaintiffs' counsel are very experienced in this area of class action and consumer credit litigation. See discussion of Rule 23(a)(4) supra. Mr. Bragg and Mr. Pittman have lectured to numerous groups on consumer rights and class action litigation. See Declarations of O. Randolph

Bragg and Dale W. Pittman in Support of Amended Joint Motion for Preliminary Approval of Class Settlement, attached hereto as Exhibits 1 and 2, respectively.

Based on these factors, the settlement is fair.

### 2. The Settlement is Adequate

#### a. Relative Strength of Plaintiffs' Case on the Merits

Defendants violated the plain language of the FDCPA, 15 U.S.C. § 1692g(a)(4) and (5), . See Docket # 15 and 16. *Bicking v. Law Offices of Rubenstein and Cogan*, supra. The remedies and amount of damages are contested by Defendants.

#### b. Existence of any Difficulties of Proof or Strong Defenses Plaintiffs are likely to Encounter if the Case Goes to Trial

Defendants will continue to contest liability and damages.

#### c. Anticipated Duration and Expense of Additional Litigation

The parties will incur additional expense and attorney fees as the litigation continues. The FDCPA provides for the recovery of costs and reasonable attorney fees by the successful plaintiff. 15 U.S.C. § 1692k(a)(3). Similarly, Defendants will incur additional expense and attorney fees.

#### d. Solvency of the Defendants and Likelihood of Recovery on a Litigated Judgment

At this time the viability of Defendants appears stable. However, as discussed immediately above, a litigated judgment will result in a considerable amount of additional expenses and attorney fees. Therefore, Plaintiffs' ability to recover (on behalf of himself as well as the class) a litigated judgment from Defendants could become questionable.

#### e. Degree of Opposition to the Settlement

The parties have agreed to this settlement with the assistance of Magistrate Judge M.

Hannah Lauck. There is no opposition to this settlement. Because Notice of Class Settlement has not yet been sent, there is no indication at this time of any opposition by class members.

Based on the above factors, the settlement is adequate. Upon consideration of the foregoing factors, the proposed settlement of this litigation is fair and adequate. The parties request the Court to approve the settlement of this class action.

## V.  CONCLUSION

The parties request that the Court certify the proposed settlement class and grant preliminary approval of the class action settlement agreement. The agreement is fair and adequate to the parties and class members.

Respectfully submitted,

| | |
|---|---|
| ___/s/ Dale W. Pittman_____ | _/s/ David D. Hudgins_____ |
| Dale W. Pittman, VSB #15673 | David D. Hudgins, VSB #20602 |
| THE LAW OFFICE OF DALE W. PITTMAN, P.C. | Reese A. Pearson, VSB #75291 |
| The Eliza Spotswood House | HUDGINS LAW FIRM, P.C. |
| 112-A West Tabb Street | 515 King Street, Suite 400 |
| Petersburg,VA 23803-3212 | Alexandria, VA 22314 |
| (804) 861-6000 | (703) 739-3300 |
| (804) 861- 3368 Facsimile | (703) 739-3700 Facsimile |
| | ATTORNEYS FOR DEFENDANTS |

O. Randolph Bragg, IL Bar # 6221983
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 E. Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF