IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JASON L. BICKING and CATHLEEN B. MAURO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MITCHELL RUBENSTEIN & ASSOCIATES, P.C.; MICHAEL R. COGAN, P.C.; MITCHELL RUBENSTEIN; and MICHAEL R. COGAN, <br><br> Defendants. | Civil Action No. 3:11CV78-HEH |

## ORDER
### (Granting Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement)

THIS MATTER is before the Court on the parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement (Dk. No. 25), filed on October 12, 2011.[1] Plaintiffs and Defendants seek class certification and preliminary approval of their Settlement Agreement. For the reasons set forth in the accompanying Memorandum Opinion, the Motion is GRANTED.[2] Accordingly, it is HEREBY ORDERED that:

---

[1] This Order also disposes of the parties' original Joint Motion for Preliminary Approval of Class Action Settlement (Dk. No. 23), which was filed on September 13, 2011 and was substantially equivalent to the present Motion.

[2] The defined terms contained in this Order shall have the same meanings as provided in the Settlement Agreement.

1

1. The Court preliminarily approves the Settlement Agreement, attached to the parties' Motion as Exhibit A, subject to further consideration and final approval following a Fairness Hearing at **9:00 a.m. on February 17, 2012**.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class.

3. For the purposes of settlement only, this Court certifies as Class Claims that the Defendants—

   a. failed to inform consumers in their validation notice that a request for verification of the debt must be "in writing," in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(4);

   b. failed to inform consumers in their validation notice that a request for the identity of the original creditor must be "written," in violation of the FDCPA, 15 U.S.C. § 1692g(a)(5); and

   c. used false, deceptive, or misleading representations or means in an attempt to collect a debt in violation of the FDCPA, 15 U.S.C. §§ 1692e and e(10).

4. For the purpose of this Class Action Settlement, the Settlement Class is certified as (i) all persons to whom Defendants sent a letter in the form of <u>Exhibits A or B</u> (ii) which contains the CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G) with text identical to that in <u>Exhibits A or B</u> (iii) in an attempt to collect a debt incurred for personal, family, or household purposes, (iv) during the period of February 2, 2009 through June 24, 2011.

5. Upon the Effective Date, and in consideration of Defendants' payment of the Settlement amounts set forth herein, each Settlement Class Member shall be deemed, by operation of a final judgment and order of this Court, to have released, relinquished, and discharged all Released Claims against the Released Parties. A total of approximately 15,642 persons, including the Class Representatives, are members of the Class. The total monetary benefit to the Settlement Class is the sum of $78,000.00, which amount shall be paid on a pro rata basis directly to Class Members. Any portion of that amount which cannot be distributed to the Class Members, as described in Paragraph 2.3 of the Settlement Agreement, shall be distributed as a *cy pres* remedy, divided equally between the National Consumer Law Center and National Association of Consumer advocates, for purposes of consumer representation and advocacy.

6. Upon final approval, the Class Representatives Jason L. Bicking and Cathleen B. Mauro, shall individually receive the following:

    a. $1,000.00 each as compensation for their statutory damages claims; and

    b. $5,000.00 each as compensation for their services to the Class.

7. Upon final approval, Defendants shall bear all costs of class administration, including sending notices to the class members and distribution of the settlement amounts.

8. Within thirty (30) days of this Court's final order, Plaintiffs' Counsel shall submit a petition to the Court requesting the approval of attorneys' fees, expenses, and documented costs incurred through the completion of this litigation. Defendants may file an opposition, and Plaintiff may reply. If the matter cannot be resolved by the parties, it shall be submitted to the Court for determination. On the fifteenth (15th) day after this Court's

final judgment and order becomes a non-appealable final order as defined in the Settlement Agreement, Defendants shall pay to Plaintiffs' Counsel the agreed and approved settlement amount in a lump sum.

9.    A final Fairness Hearing shall be held before this Court at **9:00 a.m. on February 17, 2012** to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement and distributed to Class Members is fair, just, reasonable, and adequate.

10.    The Court hereby approves the Notice of Settlement of Class Action, attached to the Settlement Agreement as Exhibit A, with the following corrections:

    a.    Paragraph 5 shall specify that there are approximately 15,642 Class Members in the Class.

    b.    Paragraph 5 shall include each Class Member's estimated pro-rata share of the Settlement Fund.

    c.    Paragraph 7 shall provide that any Class Member may enter an appearance in this Lawsuit by properly filing with the Court no later than the date of the Fairness Hearing set forth above.

    d.    Paragraph 8 shall require that any opt-out request be sent and received by the date of the Fairness Hearing set forth above.

    e.    Paragraph 8 shall provide the name and address of the Settlement Administrator in this case: First Class, Inc.

    f.    Paragraph 9 shall specify the correct date and time of the Fairness Hearing as provided in this Order: February 17, 2012, 9:00 a.m.

    g.    Consistent with Paragraph 6.3 of the Settlement Agreement, Paragraph 9 of the Notice shall clarify that a class member wishing to object must file her objection with *both* this Court and Class Counsel and Defendants' Counsel. Paragraph 9 must provide the mailing addresses of Counsel as well as this Court.

    h.    Paragraph 9 shall require that any objections be filed no later than twenty-one (21) days prior to the date of the Fairness Hearing.

    i.    Paragraph 12 shall specify the correct date and time of the Fairness Hearing as provided in this Order: February 17, 2012, 9:00 a.m.

11.    First Class, Inc. is hereby authorized and directed to mail the approved Class Notice, as amended in accordance with the above corrections, and to administer the notice procedure as set forth below.

    a.    Within five (5) business days of the date of this Order, Defendants shall provide to Plaintiffs' Counsel in electronic form the most recent names and addresses of the Settlement Class Members as contained in Defendants' books and records, but only after first updating the Class Member list pursuant to the National Change of Address (NCOA).

    b.    Within twenty-one (21) days of the date of this Order, the Class Administrator—that is, First Class, Inc.—shall cause a copy of the corrected Class Notice to be sent by first class mail to the individuals listed at those addresses. Defendants shall pay the Class Administrator for these services upon receipt of the Invoice therefor.

c.  At least seven (7) days prior to the final Fairness Hearing, Defendants' Counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, that Defendants have performed the functions described in paragraphs 11(a) and 11(b) above.

12. Any Settlement Class Member may enter an appearance in this lawsuit through his or her own attorney at his or her own expense.

13. Any Settlement Class Member may appear and show cause (1) why the proposed Settlement of the Action should or should not be approved as fair, just, reasonable, and adequate; (2) why a final order and judgment approving the class settlement should or should not be entered; and/or (3) why Plaintiffs' Counsel should not be awarded their fees and costs. In order to properly object and be heard, that Class Member's objection must be mailed and received by Class Counsel and Defendants' Counsel, as well as filed with this Court, at least twenty-one (21) days prior to the date of the Fairness Hearing as set forth in this Order.

14. All papers in support of the Settlement shall be filed and served at least seven (7) calendar days prior to the Final Fairness Hearing.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

                                            /s/
                                 Henry E. Hudson
                                 United States District Judge

Date: Nov. 3, 2011
Richmond, VA